CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS
_____X

MUHAMMAD ALAM,

          Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

          Defendant.
_____X

Defendant's address:

SUMMONS      918868

Plaintiff's Residence Address:
10356 96th St.
Ozone Park, NY 11417

The basis of this venue is:
Plaintiff's address

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626

      YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the Clerk of said Court at 89-17 Sutphin Blvd., Queens, New York 11435 within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from August 1, 2024, together with the costs of this action.

Dated: August 1, 2024

Respectfully submitted,

_____
Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Tel: (212) 804-9095
Email: subhan@tariqlaw.com

[Stamp: COPY — ORIGINAL PAPERS RECEIVED AND FILED ON AUG 0 7 2024 CIVIL COURT QUEENS COUNTY]

Note the law provides that:

a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS
───────────────────────────────X
MUHAMMAD ALAM,                                         Index No.:

    Plaintiff,

  -against-                                              **VERIFIED COMPLAINT**

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.
───────────────────────────────X

Plaintiff, Muhammad Alam, seeks redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 by Defendant Experian Information Solutions, Inc., and its agents in its illegal reporting. Plaintiff, by way of this Complaint, states as follows:

## PARTIES

1. Plaintiff, Muhammad Alam, is an adult residing in Ozone Park, NY.

2. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) of the FCRA.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

## FACTS

4. Plaintiff repeats, reiterates and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

5. Due to discrepancies on Plaintiff's Experian credit report, Plaintiff sent a dispute letter, dated September 28, 2023, to Experian.

6. Plaintiff's dispute letter, dated September 28, 2023, listed a **Discover Bank, Capital One, and Chase accounts** (the "disputed accounts"), reporting on Plaintiff's credit report, that

1

are reporting wrong and inaccurate information. Plaintiff also requested that Experian remove the disputed accounts from Plaintiff's credit report.

7. Furthermore, pursuant to 15 U.S.C. § 1681i(b), Plaintiff's dispute letter, dated September 28, 2023, also requested that Experian update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

8. Specifically, Plaintiff's dispute letter, dated September 28, 2023, stated: "**IF THESE ACCOUNTS ARE NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING 'WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. THE LEGAL TIME LIMIT (STATUTE OF LIMITATIONS) FOR SUING YOU TO COLLECT THIS DEBT HAS EXPIRED. HOWEVER, IF SOMEBODY SUES YOU ANYWAY TO TRY TO MAKE YOU PAY THIS DEBT, COURT RULES REQUIRE YOU TO TELL THE COURT THAT THE STATUTE OF LIMITATIONS HAS EXPIRED TO PREVENT THE CREDITOR FROM OBTAINING A JUDGMENT. EVEN THOUGH THE STATUTE OF LIMITATIONS HAS EXPIRED, YOU MAY CHOOSE TO MAKE PAYMENTS.'"**

9. Furthermore, Plaintiff's dispute letter, dated September 28, 2023, also stated: "<u>Please update my statutory consumer statement or delete the accounts from my credit reports.</u> If you do not update my statutory consumer statement or delete these accounts immediately, I will hold . . . you accountable under the FCRA."

10. Plaintiff received dispute results from Experian dated October 26, 2023. Experian continued to inaccurately report the disputed accounts and did not remove them from Plaintiff's credit report.

11. However, Experian's October 26, 2023 dispute results also failed to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status – in violation of 15 U.S.C. § 1681i(b).

12. Notably, Experian's October 26, 2023 dispute results also stated: "If the reinvestigation does not resolve your dispute, you have a right to add a statement of up to 100 words to your file" – despite failing to honor Plaintiff's previous request that it update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status – in violation of 15 U.S.C. § 1681i(b).

## CAUSE OF ACTION

### Violations of the FCRA

13. Plaintiff repeats, reiterates and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

14. Pursuant to 15 U.S.C. § 1681i(b),

    If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute.

15. After receiving Plaintiff's dispute letter, dated September 28, 2023, Experian failed to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status as required by 15 U.S.C. § 1681i(b).

16. As a result of Experian's violations of 15 U.S.C. § 1681i(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

17. Experian's violations of 15 U.S.C. § 1681i(b) were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

18. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681i(a).

19. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

20. Experian also violated 15 U.S.C. § 1681i(a) by failing to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

21. As a result of Experian's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

22. Experian's violations of 15 U.S.C. § 1681i(a) were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

23. Experian also violated 15 U.S.C. § 1681i(a)(5)(A) by failing to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

24. As a result of Experian's violations of 15 U.S.C. § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

25. Experian's violations of 15 U.S.C. § 1681i(a)(5)(A) were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

26. Experian also violated Plaintiff's rights under 15 U.S.C. § 1681e(b) by failing update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

27. As a result of Experian's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

28. Experian's violations of 15 U.S.C. § 1681e(b) were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court grant a judgment in favor of Plaintiff against Experian as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1681n and 1681o of the FCRA;

B. For punitive damages provided and pursuant to 15 U.S.C. § 1681n of the FCRA;

C. Ordering Experian to:

   a. immediately and permanently (i) delete and/or update all inaccurate information concerning the disputed accounts from and/or on Plaintiff's credit reports and files, and (ii) cease reporting inaccurate information concerning the disputed accounts to any and all persons and entities to whom Experian reports consumer credit information;

   b. send updated and corrected consumer reports to all persons and entities to whom Experian has reported inaccurate information about the disputed accounts; and

   c. grant Plaintiff tradeline deletion of the **Discover Bank, Capital One, and Chase accounts**.

D. For attorney's fees and costs provided and pursuant to 15 U.S.C. § 1681n and 1681o of the FCRA;

E. A declaration that Experian's practices violated the FCRA;

F. Injunctive relief ordering that Experian correct any inaccuracies on Plaintiff's credit report; and

G. For any such other and further relief, as well as further costs, expenses, and disbursements of this action, as this Court may deem just and proper.

Dated: August 1, 2024

Respectfully submitted,

*[signature]*

Subhan Tariq, Esq.
Attorney I.D.# 5263074
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

7

## **VERIFICATION**

Muhammad S. Alam, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Muhammad S. Alam, Plaintiff  7/01/2024

Sworn to before me this 01st
day of July, 2024

_____
Notary Public

KAZI SHAMSUDDOHA
Notary Public, State of New York
Registration # 01SH6037568
Qualified in Queens County
My Commission Expires Dec. 10, 2025